26 So.3d 552 (2009)
In re AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE.
No. SC09-141.
Supreme Court of Florida.
December 17, 2009.
*553 Charles Hugh Davis, Chair, Juvenile Court Rules Committee, Fourth Judicial Circuit, Jacksonville, Florida, and David N. Silverstein, Past Chair, Tampa, Florida, and Robert W. Mason, Past Chair, Jacksonville, Florida; and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioners.
Carlos J. Martinez, Public Defender, Andrew Stanton, and Shannon Patricia McKenna, Assistant Public Defenders, Eleventh Judicial Circuit, Miami, Florida, on behalf of Florida Public Defender Association; Robin L. Rosenberg, Florida Children's First, Coral Springs, Florida; Michael Ufferman, The Florida Association of Criminal Defense Lawyers, Tallahassee, Florida; Bernard P. Perlmutter and Mia F. Goldhagen, University of Miami School of Law Children and Youth Law Clinic, Miami, Florida; Stephen J. Schnably and Irwin P. Stotzky, Coral Gables, Florida, on behalf of University of Miami School of Law Center for the Study of Human Rights; Anthony C. Musto, Special Counsel, Hallandale Beach, Florida and Jeffrey Dana Gillen, Statewide Appeals Director, West Palm Beach, Florida, on behalf of Florida Department of Children and Families; Judge Raymond O. Gross, Sixth Judicial Circuit, Clearwater, Florida and B. Elaine New, Court Counsel, Sixth Judicial Circuit, St. Petersburg, Florida; Helen Beth Lastinger, and Robert A. Gualtieri, Largo, Florida, on behalf of Jim Coats, Sheriff, Pinellas County, Florida; Eric Trombley, Assistant State Attorney, Second Judicial Circuit, Tallahassee, Florida; Jack A. Moring, Chair, Family Law Rules Committee, Fort Lauderdale, FL; Responding with Comments.
PER CURIAM.
We have for consideration the regular cycle report of proposed rule amendments filed by The Florida Bar's Juvenile Court Rules Committee. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(b).

BACKGROUND
The Juvenile Court Rules Committee (Committee) has filed its regular cycle report proposing amendments to the following rules: 8.010 (Detention Hearing); 8.070 (Arraignments); 8.080 (Acceptance of Guilty or Nolo Contendere Plea); 8.100 (General Provisions for Hearings); 8.115 (Disposition Hearing); 8.130 (Motion for Rehearing); 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers); 8.235 (Motions); 8.257 (General Magistrates); 8.265 (Motion for Rehearing); 8.310 (Dependency Petitions); 8.400 (Case Plan Development); 8.410 (Approval of Case Plans); and 8.505 (Process and Service). The Committee also proposes new forms 8.982 (Notice of Action for Advisory Hearing) and 8.978(a) (Order Concerning Youth's Eligibility for Florida's Tuition and Fee Exemption).[1] A number of the Committee's proposals are in response to the recommendations of the National Juvenile Defender Center (NJDC) in its 2006 report entitled Florida: An Assessment of Access to Counsel & Quality of Representation in Delinquency Proceedings.[2] This assessment contained ten *554 "Core Recommendations" addressing various areas targeted by the NJDC for improvement.[3] The Court requested the Committee's input on all aspects of the report and specifically sought the Committee's advice as to whether rule amendments were warranted in response to several of the NJDC's recommendations. In its report, the Committee proposes various amendments to rules 8.010, 8.070, 8.080, 8.100, and 8.115 in response to the NJDC's recommendations. Several other amendments addressing other matters are also proposed. The proposed amendments were published for comment by the Committee and were reviewed and approved by the Board of Governors of The Florida Bar.
After submission to the Court, the Committee's proposals were again published for comment. Several comments and requests for oral argument were filed by various parties. Most of the comments concerned the proposed amendment to rule 8.100 (General Provisions for Hearings), *555 which would restrict the use of restraints on juveniles during court hearings. This amendment drew substantial comment, both for and against the proposal. The University of Miami School of Law Center for the Study of Human Rights, the University of Miami School of Law Children and Youth Law Clinic, the Florida Public Defender Association, Florida Children's First, and the Florida Association of Criminal Defense Lawyers filed comments in favor of the proposed amendment. The Office of the State Attorney for the Second Judicial Circuit, the Sheriff of Pinellas County, and the Chief Judge of the Sixth Judicial Circuit filed comments in opposition to the proposed amendment. Substantive comments also were filed by the Department of Children and Families with regard to the proposed amendments to rules 8.225, 8.235, 8.257, 8.265, and 8.310. Oral argument was heard in this case on June 4, 2009.

AMENDMENTS
Upon consideration of the Committee's report, the comments and responses thereto, and the presentations of the interested parties at oral argument, we amend the Florida Rules of Juvenile Procedure as further explained below.[4]
As discussed, several rule amendments were proposed by the Committee in response to the recommendations of the NJDC. Provisions are added to rules 8.010 (Detention Hearing) and 8.070 (Arraignment) requiring appointment of counsel at the detention hearing and at arraignment, respectively. This is in response to the NJDC's recommendation that "the quality of representation in juvenile court should be improved through early appointment of counsel."[5] Rule 8.080 (Acceptance of Guilty or Nolo Contendere Plea) is amended in response to the NJDC's recommendation that "[j]udicial colloquies and admonitions administered to youth must be thorough, comprehensive, and easily understood" and that "[j]udges should take time to fully test a youth's understanding," and its recommendations regarding waiver of counsel and early appointment of counsel.[6] The amended rule expressly requires a judge to determine that a child understands an enumerated list of rights and consequences of entering a guilty or nolo contendere plea and understands that he or she has a "right to be represented by an attorney at every stage of the proceedings, and if necessary, one will be appointed."[7]
As noted above, most of the comments filed in this case addressed the Committee's proposed amendment to rule 8.100 (General Provisions for Hearings) restricting the use of restraints on juveniles during court appearances. The proposed amendment adds a new subdivision (b) to this rule providing that restraints, such as handcuffs, chains, irons, or straightjackets may not be used during juvenile court *556 appearances unless the court finds that the use of restraints is necessary, based on enumerated factors, and there are no less restrictive alternatives to restraint. This proposal is in response to a specific recommendation by the NJDC that restraints should not be used on children during juvenile court appearances unless extenuating circumstances warrant it.[8] As to the use of restraints in Florida's courtrooms, the NJDC's assessment stated that during its assessment observations,
The frequent and liberal use of restraints on youth in Florida courtrooms was disconcerting. Observers found that wrist and leg shackles with belly chains appear to be the norm in many juvenile courtrooms across the state. Without exception, every courtroom visited had youth, including very young children, fully shackled when they were brought from detention into the courthouse. These shackles remained on when the youth were brought into the courtroom itself.[9]
Additionally, the assessment noted that "[y]outh in Florida's courts were also typically shackled together in a group," and that "[i]n several courtrooms, observers saw youth who were brought into courtrooms in wrist and leg shackles and then were further chained to furniture, doors or other fixed structures in the courtroom to keep them in place."[10] The assessment identified these practices as one of the barriers to just and balanced outcomes that exist in Florida's juvenile courts. The NJDC's recommendation 6 stated as follows:
State legislators, local policymakers, and juvenile court judges should end the practice of shackling youth by hand, foot and belly chain for court appearances unless an extenuating individual situation warrants such restraint. Under any circumstance, the practice of shackling youth to each other in a group or to fixed objects in the courtroom should be strictly prohibited.[11]
Further, in its more specific implementation strategies, the NJDC recommended that the judiciary should "[p]rohibit the generalized policy of allowing youth to appear in juvenile court in shackles or handcuffs unless extenuating circumstances warrant such restraint in individual cases" and "[e]nd, without exception, the practice of shackling youth to fixed objects or structures during transportation and in court."[12]
We find the indiscriminate shackling of children in Florida courtrooms as described in the NJDC's Assessment repugnant, degrading, humiliating, and contrary to the stated primary purposes of the juvenile justice system and to the principles of therapeutic justice, a concept which this Court has previously acknowledged. See In re Report of Family Court Steering Committee, 794 So.2d 518, 523 (Fla.2001) (approving guiding principles for family court, including that "therapeutic justice" should be a key part of the family court process). We also recognize, without deciding, that indiscriminate use of restraints on children in the courtroom in juvenile delinquency proceedings may violate the children's due process rights and infringe on their right to counsel. We agree with the proponents of this amendment that the presumption should be that children are not restrained when appearing in court and that restraints may be used only upon *557 an individualized determination that such restraint is necessary. Accordingly, we amend rule 8.100 as proposed by the Committee.
Next, rule 8.115 (Disposition Hearing) is amended to specifically provide, in new subdivision (b), that counsel be appointed at disposition hearings. This is in response to the NJDC's recommendation that youth should be represented at all court hearings and throughout the entire delinquency process. It also conforms to section 985.033(1), Florida Statutes (2008), which requires that a child be represented at all stages of the delinquency proceeding unless counsel is waived. The Committee also recommended that rule 8.115 be amended to require that a disposition order "give[] credit for time served in secure detention before disposition." This is in response to the Court's referral of an issue regarding such credit in J.I.S. v. State, 930 So.2d 587 (Fla.2006). In that case, the Court held that juveniles whose dispositions are to determinate commitment programs must be granted credit for time served in secure detention, but those whose dispositions are to indeterminate commitment programs are not entitled to such credit. Id. at 596. The Court also addressed the question of whether a commitment order should specify the amount of predisposition time served, even on an indeterminate commitment on which there is no right to credit for the time served. Id. at 596-97. The Court noted that such a notation may be beneficial if the original commitment is later reduced and may be helpful to the Department of Juvenile Justice in structuring a commitment or postrelease program or determining when the juvenile offender has completed a program. Id. Thus, the Court referred the matter to the Committee "to determine whether we should adopt a rule requiring the notation [of predisposition time served in secure detention] on all residential commitment orders." Id. at 597. Because, as explained in J.I.S., entitlement to credit for time served in secure detention prior to commitment is dependent upon whether the commitment is determinate or indeterminate and, thus, not all disposition orders must necessarily grant credit for such time, we modify the language of the proposed amendment to require that a disposition order "specify" the amount of time served in secure detention before disposition.
Rule 8.130 (Motion for Rehearing), applicable in delinquency cases, and rule 8.265 (Motion for Rehearing), applicable in dependency and termination of parental rights cases, are each amended, although in different ways, to remedy the fact that under the current rules, a motion for rehearing does not toll the time for taking an appeal in juvenile proceedings and, thus, litigants may be forced to abandon such motions if they are not ruled upon before the thirty-day time period to seek an appeal expires. In order to address this problem, rule 8.130(b)(3) is amended to provide that a motion for rehearing shall toll the time for taking an appeal. Rule 8.265 is amended to state that the court must rule on a motion for rehearing within ten days or it is deemed denied. We agree with the Committee that these changes strike the appropriate balance in each situation.
Rules 8.235 (Motions) and 8.310 (Dependency Petitions) are amended to clarify and account for the possibility of the dismissal of only certain allegations in a dependency petition, as opposed to the entire petition.[13] The current rules address only *558 the dismissal of the entire petition, and the Committee advises that under current practice, fewer than all of the allegations in a petition may be dismissed. This amendment is intended simply to reflect the current practice that is not specifically provided for in the rules.
Next, rule 8.257 currently requires a party to provide a transcript when moving for exceptions to the general magistrate's report. Subdivisions (b)(3)(A), (e)(2), and (g) of this rule are amended to allow a party to provide a either a transcript, an "electronic recording of proceedings," or a "stipulation by the parties of the evidence considered" by the magistrate. This is intended to save costs and reduce delay in the resolution of the exceptions and entry of the final order. In adopting this amendment, however, we wish to emphasize that allowing use of an electronic recording or stipulation in lieu of a written transcript for this limited purpose is not intended in any way to alter the definition of the "official record" of a proceeding, which is the written transcript prepared in accordance with Florida Rule of Judicial Administration 2.535(f). See Fla. R. Jud. Admin. 2.535(a)(6) (defining "official record").
Next, section 39.6011, Florida Statutes (2008), requires the Department of Children and Families to develop and file with the court a case plan for each child receiving services. In accordance with this requirement, rule 8.400 (Case Plan Development) is amended to require that a case plan be filed and served on the parties three business days before a disposition or case plan review hearing. Additionally, rule 8.410 (Approval of Case Plans) is amended to require the court to review the contents of the case plan at the disposition or case plan review hearing.
Rule 8.505 governs process and service of process in termination of parental rights proceedings, including constructive service. Subdivision 8.505(c) is amended to provide that a notice of action for service by publication shall contain only the initials of the child, the child's date of birth, and the full name and last known address of the person subject to the notice. This amendment further clarifies that the notice shall not contain any other identifying information about the child and shall not contain the name or any other identifying information of the other parent or prospective parents who are not the subject of the notice. This is intended to prevent the publication of confidential information. Additionally, new form 8.982 (Notice of Action for Advisory Hearing) is adopted in accord with the requirements of amended rule 8.505.
Finally, section 1009.25(2)(c), Florida Statutes (2008), provides a tuition and fees exemption, under certain circumstances, for students in DCF's or a relative's custody when they turn eighteen or who were adopted from DCF or placed in a guardianship after spending at least six months in DCF custody after turning sixteen. *559 New form 8.978(a) (Order Concerning Youth's Eligibility for Florida's Tuition and Fee Exemption) is adopted to provide a form order to be entered by a court certifying a youth's eligibility for this tuition and fee exemption.

CONCLUSION
Accordingly, the Florida Rules of Juvenile Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. The amendments shall become effective on January 1, 2010, at 12:01 a.m.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion.
CANADY, J., concurring in part and dissenting in part.
I concur with the majority's decision to adopt amendments to Florida Rules of Juvenile Procedure 8.010, 8.070, 8.080, 8.115, 8.130, 8.235, 8.257, 8.265, 8.310, 8.400, 8.410, and 8.505. I dissent, however, from the majority's decision to amend rule 8.100. Although I agree that juveniles should not be chained to one another in the courtroom or restrained in any other way that would interfere with their ability to have meaningful access to counsel, I dissent from the majority's adoption of a rule establishing a blanket presumption against the use of any kind of restraints on juveniles appearing before a trial judge. In my view, the rule unduly restricts the ability of juvenile court judges to ensure that security is maintained in the courtroom.
It is true that the use of physical restraints during court proceedings may violate the defendant's due process rights. See Deck v. Missouri, 544 U.S. 622, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005); Hernandez v. State, 4 So.3d 642 (Fla.), cert. denied, ___ U.S. ___, 130 S.Ct. 160, 175 L.Ed.2d 101 (2009). Aside from the use of restraints that impede a defendant's ability freely to consult with counsel, however, the due process concerns come into play only when a restrained defendant appears before a jury. The common law rule underlying the due process right "did not apply at `the time of arraignment,' or like proceedings before the judge." Deck, 544 U.S. at 626, 125 S.Ct. 2007 (quoting 4 W. Blackstone, Commentaries on the Laws of England 317 (1769)). The common law rule "was meant to protect defendants appearing at trial before a jury." Id. The core due process concern that "[v]isible shackling undermines the presumption of innocence and the related fairness of the factfinding process" has no application to nonjury proceedings. Id. at 630, 125 S.Ct. 2007. Accordingly, due process considerations do not justify the broad rule adopted by the majority.
The minority report from the Juvenile Court Rules Committee states:
Control of courtroom security and the safety of those present in the courtroom are matters that should remain within the sound discretion of the trial judge. Given the wide variations in courtroom facilities across the state and differing availability of security staff, it is a matter of necessity that the trial judge retains full authority over the security of his or her courtroom, to protect the safety of all persons present.
....
... It is the juvenile judge who can best take into consideration the safety of all present, and who should continue to do so, without the imposition of rules *560 more appropriate to adult defendants in the presence of a jury.
I am persuaded by the view articulated in the minority's report.
In his written comments filed on behalf of the Sixth Judicial Circuit in opposition to the proposed amendment to rule 8.100, Judge Raymond Gross points out that the "juveniles held in detention have already been determined to be high risk" by Department of Juvenile Justice personnel. I also find this point to be significant. In light of this point, it seems unwarranted to impose a presumption against the use of any restraints. I am concerned that by imposing such a presumption against the use of restraints on juveniles who have been placed in detention, the new rule will unduly hamper the trial court's ability to maintain the safety of court personnel, the juveniles themselves, and any bystanders in the courtroom.
The reality is that being subjected to physical restraints is an inherent part of being in custody. Juveniles who are in custody will routinely be subjected to restraints when they are transported to and from court. Nothing in the proposed rule alters that fact. Accordingly, any "therapeutic" impact of the rule will be insubstantial compared with the significant security risks that may arise from the implementation of the rule.
Because I conclude that revised rule 8.100 may interfere with the State's interest in conducting safe, orderly court proceedings, I dissent from the majority's revision of rule 8.100.

APPENDIX

RULE 8.010. DETENTION HEARING
(a) [No Change]
(b) Time. The detention hearing shall be held within the time limits as provided by law. A child who is detained shall be given a hearing within 24 hours after being taken into custody.
(c)-(d) [No Change]
(e) Appointment of Counsel.At the detention hearing, the child shall be advised of the right to be represented by counsel. Counsel shall be appointed if the child qualifies, unless the child waives counsel in writing subject to the requirements of rule 8.165.
(ef) Advice of Rights. At the detention hearing the persons present shall be advised of the purpose of the hearing and the child shall be advised of:
(1) the nature of the charge for which he or she was taken into custody;
(2) the right to be represented by counsel and if insolvent the right to appointed counsel;
(32) that the child is not required to say anything and that anything said may be used against him or her;
(43) if the child's parent, custodian, or counsel is not present, that he or she has a right to communicate with them and that, if necessary, reasonable means will be provided to do so; and
(54) the reason continued detention is requested.
(fg) Issues. At this hearing the court shall determine the following:
(1) The existence of probable cause to believe the child has committed a delinquent act. This issue shall be determined in a nonadversary proceeding. The court shall apply the standard of proof necessary for an arrest warrant and its finding may be based upon a sworn complaint, affidavit, deposition under oath, or, if necessary, upon testimony under oath properly recorded.
(2) The need for detention according to the criteria provided by law. In making *561 this determination in addition to the sworn testimony of available witnesses all relevant and material evidence helpful in determining the specific issue, including oral and written reports, may be relied upon to the extent of its probative value, even though it would not be competent at an adjudicatory hearing.
(3) The need to release the juvenile from detention and return the child to the child's nonresidential commitment program.
(gh) Probable Cause. If the court finds that such probable cause exists, it shall enter an order making such a finding and may, if other statutory needs of detention exist, retain the child in detention. If the court finds that such probable cause does not exist, it shall forthwith release the child from detention. If the court finds that one or more of the statutory needs of detention exists, but is unable to make a finding on the existence of probable cause, it may retain the child in detention and continue the hearing for the purpose of determining the existence of probable cause to a time within 72 hours of the time the child was taken into custody. The court may, on a showing of good cause, continue the hearing a second time for not more than 24 hours beyond the 72-hour period. Release of the child based on no probable cause existing shall not prohibit the filing of a petition and further proceedings thereunder, but shall prohibit holding the child in detention prior to an adjudicatory hearing.
RULE 8.070. ARRAIGNMENTS
(a) Appointment of Counsel. Prior to the adjudicatory hearing, the court may conduct a hearing to determine whether a guilty, nolo contendere, or not guilty plea to the petition shall be entered and whether the child is represented by counsel or entitled to appointed counsel as provided by law. Counsel shall be appointed if the child qualifies for such appointment and does not waive counsel in writing subject to the requirements of rule 8.165.
(b) Plea. The reading or statement as to the charge or charges may be waived by the child. If the child is represented by counsel, counsel may file a written plea of not guilty at or before arraignment and arraignment shall then be deemed waived. If a plea of guilty or nolo contendere is entered, the court shall proceed as set forth under rule 8.115, disposition hearings. If a plea of not guilty is entered, the court shall set an adjudicatory hearing within the period of time provided by law and appoint counsel when required. If the child is represented by counsel, counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived. The child is entitled to a reasonable time in which to prepare for trial.

Committee Notes

[No Change]
RULE 8.080. ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA
(a) [No Change]
(b) Determination by Court. The court, when making this determination, should place the child under oath and shall address the child personally. The court shall determine that the child understands each of the following rights and consequences of entering a guilty or nolo contendere plea:
(1) The nature of the charge to which the plea is offered and the possible dispositions available to the court.
(2) If the child is not represented by an attorney, that the child has the right to be represented by an attorney at every stage of the proceedings and, if necessary, *562 one will be appointed. Counsel shall be appointed if the child qualifies for such appointment and does not waive counsel in writing subject to the requirements of rule 8.165.
(3) That the child has the right to plead not guilty, or to persist in that plea if it had already been made, and that the child has the right to an adjudicatory hearing and at that hearing has the right to the assistance of counsel, the right to compel the attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself.
(4) That, if the child pleads guilty or nolo contendere, without express reservation of the right to appeal, the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, is relinquished, but the right to review by appropriate collateral attack is not impaired.
(5) That, if the child pleads guilty or nolo contendere, there will not be a further adjudicatory hearing of any kind, so that by pleading so the right to an adjudicatory hearing is waived.
(6) That, if the child pleads guilty or nolo contendere, the court may ask the child questions about the offense to which the child has pleaded, and, if those questions are answered under oath, on the record, the answers may later be used against the child in a prosecution for perjury.
(7) The complete terms of any plea agreement including specifically all obligations the child will incur as a result.
(8) That, if the child pleads guilty or nolo contendere, and the offense to which the child is pleading is a sexually violent offense or a sexually motivated offense, or if the child has been previously adjudicated for such an offense, the plea may subject the child to involuntary civil commitment as a sexually violent predator on completion of his or her sentence. It shall not be necessary for the trial judge to determine whether the present or prior offenses were sexually motivated, as this admonition shall be given to all children in all cases.
(c)-(e) [No Change]
(f) Withdrawal of Plea When Judge Does Not Concur. If the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn.
(fg) Failure to Follow Procedures. Failure to follow any of the procedures in this rule shall not render a plea void, absent a showing of prejudice.
RULE 8.100. GENERAL PROVISIONS FOR HEARINGS
Unless otherwise provided, the following provisions apply to all hearings:
(a) [No Change]
(b) Use of Restraints on the Child. Instruments of restraint, such as handcuffs, chains, irons, or straitjackets, may not be used on a child during a court proceeding and must be removed prior to the child's appearance before the court unless the court finds both that:
(1) The use of restraints is necessary due to one of the following factors:
(A) Instruments of restraint are necessary to prevent physical harm to the child or another person;
(B) The child has a history of disruptive courtroom behavior that has placed others in potentially harmful situations or presents a substantial risk of inflicting physical harm on himself or herself or others as evidenced by recent behavior; or
*563 (C) There is a founded belief that the child presents a substantial risk of flight from the courtroom; and
(2) There are no less restrictive alternatives to restraints that will prevent flight or physical harm to the child or another person, including, but not limited to, the presence of court personnel, law enforcement officers, or bailiffs.
(bc) Absence of the Child. If the child is present at the beginning of a hearing and during the progress of the hearing voluntarily absents himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
(cd) Invoking the Rule. Prior to the examination of any witness the court may, and on the request of any party in an adjudicatory hearing shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(de) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
(ef) Record of Testimony. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or a recording device. The records shall be preserved for 5 years from the date of the hearing. Official records of testimony shall be provided only on request of a party or a party's attorney or on a court order.
(fg) Notice. When these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
RULE 8.115. DISPOSITION HEARING
(a) [No Change]
(b) Appointment of Counsel. Counsel shall be appointed at all disposition hearings, including cases transferred from other counties and restitution hearings, if the child qualifies for such appointment and does not waive counsel in writing as required by rule 8.165.
(bc) Disclosure. The child, the child's attorney, the child's parent or custodian, and the state attorney shall be entitled to disclosure of all information in the predisposition report and all reports and evaluations used by the department in the preparation of the report.
(cd) Disposition Order. The disposition order shall be prepared and distributed by the clerk of the court. Copies shall be provided to the child, defense attorney, state attorney, and department representative. Each case requires a separate disposition order. The order shall:
(1) state the name and age of the child;
(2) state the disposition of each count, specifying the charge title, degree of offense, and maximum penalty defined by statute and specifying the amount of time served in secure detention before disposition;
(3) state general and specific conditions or sanctions;
(4) make all findings of fact required by law;
(5) state the date and time when issued and the county and court where issued; and
(6) be signed by the court with the title of office.
*564 (de) Fingerprints. The child's fingerprints shall be affixed to the order of disposition.

Committee Notes

[No Change]
RULE 8.130. MOTION FOR REHEARING
(a) [No Change]
(b) Time and Method.
(1) A motion for rehearing may be made and ruled upon immediately after the court announces its judgment but must be made within 10 days of the entry of the order being challenged.
(2) If the motion is made in writing, it shall be served as provided in these rules for service of other pleadings.
(3) A motion for rehearing shall not toll the time for the taking of an appeal.
(c) Court Action.
(1) If the motion for rehearing is granted, the court may vacate or modify the order or any part thereof and allow additional proceedings as it deems just. It may enter a new judgment, and may order or continue the child in detention pending further proceedings.
(2) The court on its own initiative may vacate or modify any order within the time limitation provided in subdivision (b).
RULE 8.235. MOTIONS
(a) [No Change]
(b) Motion to Dismiss. Any party may file a motion to dismiss any petition, allegations in the petition, or other pleading, setting forth the grounds on which the motion is based. If a motion to dismiss the petition is granted wherewhen a child is being sheltered under an order, the child may be continued in shelter under previous order of the court upon the representation that a new or amended petition will be filed.
(c) Sworn Motion to Dismiss. Before the adjudicatory hearing the court may entertain a motion to dismiss the petition or allegations in the petition on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of dependency. The facts on which such motion is based shall be specifically alleged and the motion sworn to by the party. The motion shall be filed a reasonable time before the date of the adjudicatory hearing. The opposing parties may traverse or demur to this motion. Factual matters alleged in it shall be deemed admitted unless specifically denied by the party. The motion shall be denied if the party files a written traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss.
(d) [No Change]

Committee Notes

[No Change]
RULE 8.257. GENERAL MAGISTRATES
(a) [No Change]
(b) Referral.
(1)-(2) [No Change]
(3) Order.
(A) The order of referral shall contain the following language in bold type:
A REFERRAL TO A GENERAL MAGISTRATE REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE GENERAL MAGISTRATE, YOU MUST FILE A WRITTEN *565 OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.
REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MAGISTRATE SHALL BE BY EXCEPTIONS AS PROVIDED IN FLORIDA RULE OF JUVENILE PROCEDURE 8.257(f). A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, ELECTRONIC RECORDING OF PROCEEDINGS, OR STIPULATION BY THE PARTIES OF THE EVIDENCE CONSIDERED BY THE GENERAL MAGISTRATE AT THE PROCEEDINGS, WILL BE REQUIRED TO SUPPORT THE EXCEPTIONS.
(B) The order of referral shall state with specificity the matter or matters being referred. The order of referral shall also state whether electronic recording or a court reporter is provided by the court.
(4) [No Change]
(c)-(d) [No Change]
(e) Report.
(1) The general magistrate shall file a report that includes findings of fact, conclusions of law, and recommendations and serve copies on all parties. If a court reporter was present, the report shall contain the name and address of the reporter.
(2) The report and recommendations shall contain the following language in bold type:
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE EXCEPTIONS WITHIN 10 DAYS OF SERVICE OF THE REPORT AND RECOMMENDATIONS IN ACCORDANCE WITH FLORIDA RULE OF JUVENILE PROCEDURE 8.257(f). YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS WITHIN 10 DAYS OF SERVICE OF THE REPORT AND RECOMMENDATIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS, ELECTRONIC RECORDING OF PROCEEDINGS, OR STIPULATION BY THE PARTIES OF THE EVIDENCE CONSIDERED BY THE GENERAL MAGISTRATE AT THE PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED FOR THE COURT'S REVIEW.
(f) [No Change]
(g) Record.
(1) For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review. The record shall consist of
(A) the court file, including the transcript of the relevant proceedings before the general magistrate, and;
(B) all depositions and evidence presented to the general magistrate..; and
*566 (C) the transcript of the proceedings, electronic recording of the proceedings, or stipulation by the parties of the evidence considered by the general magistrate at the proceedings.
(12) The transcript of all relevant the proceedings, electronic recording of the proceedings, or stipulation by the parties of the evidence considered by the general magistrate at the proceedings, if any, shall be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions.
(23) If less than a full transcript or electronic recording of the proceedings taken before the general magistrate is ordered prepared by the excepting party, that party shall promptly file a notice setting forth the portions of the transcript or electronic recording that have been ordered. The responding party shall be permitted to designate any additional portions of the transcript or electronic recording necessary to the adjudication of the issues raised in the exceptions or cross-exceptions.
(34) The cost of the original and all copies of the transcript or electronic recording of the proceedings shall be borne initially by the party seeking review. Should any portion of the transcript or electronic recording be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript or electronic recording.
(h) [No Change]
RULE 8.265. MOTION FOR REHEARING
(a) [No Change]
(b) Time and Method.
(1) A motion for rehearing may be made and ruled upon immediately after the court announces its judgment but must be made within 10 days of the entry of the order.
(2) If the motion is made in writing, it shall be served as provided in these rules for service of other pleadings.
(3) A motion for rehearing shall not toll the time for the taking of an appeal. The court shall rule on the motion for rehearing within 10 days of filing or it is deemed denied.
(c) [No Change]
RULE 8.310. DEPENDENCY PETITIONS
(a)-(c) [No Change]
(e) Voluntary Dismissal. The petitioner without leave of the court, at any time prior to entry of an order of adjudication, may request a voluntary dismissal of the petition or any allegations of the petition by serving a notice requesting dismissal on all parties, or, if during a hearing, by so stating on the record. The petition or any allegations in the petition shall be dismissed. and If the petition is dismissed, the court loses jurisdiction unless another party adopts the petition within 72 hours.

Committee Notes

[No Change]
RULE 8.400. CASE PLAN DEVELOPMENT
(a)-(c) [No Change]
(d) Department Responsibility.
(1) The department shall prepare a draft of a case plan for each child receiving services under F.S. Chapter 39, Florida Statutes.
(2) The department shall document, in writing, a parent's unwillingness or inability *567 to participate in the development of the case plan, provide the written documentation to the parent when available for the court record, and prepare a case plan.
(3) After the case plan has been developed, and before acceptance by the court, the department shall make the appropriate referrals for services that will allow the parents to begin the agreed-upon tasks and services immediately if the parents agree to begin compliance.
(4) The department must immediately give the parties, including the child if appropriate, a signed copy of the agreed-upon case plan.
(5) The department must prepare, but need not submit to the court, a case plan for a child who will be in care no longer than 30 days unless that child is placed in out of home care a second time within a 12-month period.
(6) The department must prepare a case plan for a child in out of home care within 60 days after the department removes the child from the home and shall submit the plan to the court before the disposition hearing for the court to review and approve.
(7) Not less than 3 business days before the disposition or case plan review hearing, the department must file a case plan with the court.
(8) After jurisdiction attaches, the department shall file with the court all case plans, including all case plans prepared before jurisdiction of the court attached. The department shall provide a copy of the case plans filed to all the parties whose whereabouts are known, not less than 3 business days before the disposition or case plan review hearing.
(e) [No Change]
(f) Service. Each party, including the child, if appropriate, must be provided with a copy of the case plan not less than 3 business days before the disposition or case plan review hearing. If the location of a parent is unknown, this fact must be documented in writing and included in the plan.
RULE 8.410. APPROVAL OF CASE PLANS
(a) Hearing. The court shall review the contents of the case plan at the disposition or case plan review hearing unless a continuance for the filing of the case plan has been granted by the court.
(b)-(e) [No Change]
RULE 8.505. PROCESS AND SERVICE
(a)-(b) [No Change]
(c) Constructive Service. Parties whose identities are known and on whom personal service of process cannot be effected shall be served by publication as provided by law. The notice of action shall contain the initials of the child and the child's date of birth. There shall be no other identifying information of the child in the notice of action. The notice of action shall include the full name and last known address of the person subject to the notice. The notice of action shall not contain the name or any other identifying information of the other parents or prospective parents who are not subject to the notice.
(d) [No Change]
FORM 8.978(a). ORDER CONCERNING YOUTH'S ELIGIBILITY FOR FLORIDA'S TUITION AND FEE EXEMPTION.

ORDER CONCERNING ELIGIBILITY FOR FLORIDA'S TUITION AND FEE EXEMPTION
THIS CAUSE comes before the court to determine....(name)....'s eligibility for *568 the tuition and fee exemption under Chapter 1009, Florida Statutes, and the court being fully advised in the premises, it is
ORDERED AND ADJUDGED that....(name).... is eligible, under Chapter 1009, Florida Statutes, and therefore exempt from the payment of tuition and fees, including lab fees, at a school district that provides postsecondary career programs, community college, or state university.
ORDERED at ...................., Florida, on ....(date).....
 ________________
 Circuit Judge
 Copies to:
FORM 8.982. NOTICE OF ACTION FOR ADVISORY HEARING
.....(Child(ren)'s initials and date(s) of birth).....
NOTICE OF ACTION AND OF ADVISORY HEARING FOR TERMINATION OF PARENTAL RIGHTS AND GUARDIANSHIP
STATE OF FLORIDA
TO: .....(name and address of person being summoned).....
A Petition for Termination of Parental Rights under oath has been filed in this court regarding the above-referenced child(ren). You are to appear before.... (judge)...., at .... (time and address of hearing)...., for a TERMINATION OF PARENTAL RIGHTS ADVISORY HEARING. You must appear on the date and at the time specified.
FAILURE TO PERSONALLY APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS TO THIS CHILD (THESE CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED YOU MAY LOSE ALL LEGAL RIGHTS TO THE CHILD (OR CHILDREN) WHOSE INITIALS APPEAR ABOVE.
If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact (name, address, telephone number) within two working days of your receipt of this summons. If you are hearing or voice impaired, call 711.
Witness my hand and seal of this court at ....(city, county, state).... on.... (date).....
 CLERK OF COURT
 BY: __________
 DEPUTY CLERK
AVISO Y CITACION PARA LA AUDIENCIA INFORMATIVA SOBRE LA TERMINACION DE LOS DERECHOS PATERNALES Y DE LA TUTELA
ESTADO DE LA FLORIDA
PARA: __________
(Nombre y direccion de la persona a ser
citada)
CONSIDERANDO que se ha interpuesto en este Juzgado una solicitud bajo juramento para la terminacion de los derechos paternales con respecto al(os) nino(s) en referencia, adjuntandose copia de la misma. Mediante la presente se le ordena comparecer ante el
 _____________ (Juez)
 a las para una AUDIENCIA
INFORMATIVA SOBRE LA
 (hora y lugar de la audiencia)
*569 TERMINACION DE LOS DERECHOS PATERNALES. Usted debera comparecer en le fecha y hora indicadas.
SI USTED NO COMPARECE PERSONALMENTE A LA AUDIENCIA INFORMATIVA, ESTO SIGNIFICARA QUE USTED ACCEDE A LA TERMINACION DE SUS DERECHOS PATERNALES CON RESPECTO A ESTE(OS) NINO(S). SI USTED NO COMPARECE EN LA FECHA Y HORA INDICADAS, USTED PODRA PERDER TODOS SUS DERECHOS LEGALES CON RESPECTO AL/LOS NINO(S) MENCIONADO(S) EN LA PETICION ADJUNTA A ESTE AVISO.
De acuerdo con la Ley de Americanos con Incapacidades de 1990(ADA), las personas incapacitadas quienes, por sus incapacidades, necesitan acomodos especiales para participar en esto proceso deben ponerse en contacto con un coordinador de ADA en el no mas tarde de 2 dias laborables antes de tal proceso para recibir asistencia. El numero para el Servicio de Interpretacion de la Florida para Personas Sordas es el 771.
 Firmado y sigilado en este Juzgado
el
 (ciudad, condado, estado)
(fecha)
 ESCRIBANO DEL TRIBUNAL
 POR: __________
 ESCRIBANO DELEGADO
MANDA AK AVTISMAN POU ENFOME-W SOU YON CHITA TANDE, POU YO ANILE DWA-W KM PARAN AK KM GADYEN.
LETA FLORID
POU: ..... (non ak adrs moun yo voye manda-a).....
KOM, tandiske, gen yon demann smante pou anile dwa paran-yo, ki prezante devan tribinal-la, konsnan timoun ki nonmen nan It sa-a, piwo-a, yon kopi dokiman-an kwoke nan dosye-a., yo bay ld pou prezante devan.....(Jij-la)...., a.... (nan.l ak adrs chita tande-a)...., NAN YON CHITA TANDE POU YO ENFME-W, YO GEN LENTANSYON POU ANILE DWA-OU KM PARAN. Ou ft pou prezante nan dat ak l ki endike-a.
SI OU PA PREZANTE PSONLMAN NAN CHITA TANDE-A, POU YO ENFME-W, YO GEN LENTANSYON POU ANILE DWA-OU KM PARAN, SA KA LAKZ YO DESIDE OU KONSANTI TIMOUN SA-A (YO), BEZWEN PWOTEKSYON LETA EPI SA KA LAKZ OU PDI DWA-OU KM PARAN TIMOUN SA-A(YO), KI GEN NON YO MAKE NAN KOPI DEMANN-NAN, KI KWOKE NAN AVTISMAN-AN
An ako ak Lwa pou Ameriken ki Andikape yo de ane 1990(ADA) a, moun ki andikape yo, ki poutet andikap yo an, bezwen de aranjman spesyal pou yo ka patisipe nan deroulman yo, fet pou rantre an knotak ak koodinate ADA a nan pa pi ta ke non 2 jou travay ki vin anvan deroulman an pou yo ka resevwa asistans. Nimewo pou Sevis Tradiksyon nan la Florid pou moun ki soud se 771.
Mwen siyen non mwen e mete so mwen nan dokiman tribinal-la km temwen nan (vil, distrik, eta), nan (dat)
 GREFYE TRIBINAL-LA
 PA: ..........
 ASISTAN GREFYE TRIBINAL-LA
NOTES
[1] The Committee's report also responds to the Court's request that it consider the issue of the appropriate procedure to raise an ineffective assistance of counsel claim in termination of parental rights cases. The Committee does not present any proposal on this issue and states that after consideration and discussion, it feels that the issue is outside the scope of its purview. This "no action" response has been severed from this case and is being addressed separately.
[2] Patricia Puritz & Cathryn Crawford, Florida: An Assessment of Access to Counsel & Quality of Representation in Delinquency Proceedings (2006) (on file with National Juvenile Defender Center), available at http://www. njdc.info/pdf/Florida% 20Assessment.pdf.
[3] The Core Recommendations were as follows:

1. State legislators and local policymakers should increase the resources that are available to improve delinquency representation in juvenile court. Those resources should include support for attorneys and non-lawyers with special expertise in case planning and representation and other necessary support staff.
2. The elected Public Defenders should ensure that youth are competently represented by defense counsel at all court hearings and throughout the entire delinquency process.
3. Further restrictions on waiver of counsel must be established consistent with national standards. Youth should not be permitted to waive counsel without prior consultation with such counsel. Counsel should assist the client in making an informed, knowing and voluntary choice and stand-by counsel should be available in the event of waiver. It is imperative that youth understand the long term consequences of a juvenile adjudication.
4. Judicial colloquies and admonitions administered to youth must be thorough, comprehensive and easily understood. Judges should take the time to fully test a youth's understanding.
5. A comprehensive review of indigence determinations and other fees assessed in juvenile court should be undertaken. The lack of consistency and uniformity is glaring. These costs and fees are punitive in nature and place an undue burden on youth.
6. State legislators, local policymakers, and juvenile court judges should end the practice of shackling youth by hand, foot and belly chain for court appearances unless an extenuating individual situation warrants such restraint. Under any circumstance, the practice of shackling youth to each other in a group or to fixed objects in the courtroom should be strictly prohibited.
7. The quality of representation in juvenile court should be improved through early appointment of counsel, reduced defender caseloads, additional lawyer training and adequate supervision and monitoring of cases in juvenile court. The Florida Public Defender Association should develop the capacity to monitor and improve the delivery of juvenile defense services to comply with these recommendations.
8. Florida should establish a minimum age for juvenile court jurisdiction and children under twelve should be diverted from juvenile court. Young children under twelve should never be handcuffed or booked in the same manner as older youth.
9. Local courts, law schools or bar associations should routinely collect data on defense representation in juvenile court to identify and address systemic weaknesses.
10. Plea agreements should never be taken at arraignment in juvenile court. Defense counsel must have a meaningful opportunity to consult with the youth, explain potential short- and long-term consequences of a conviction, and review the sufficiency of the case prior to the court accepting a plea agreement.
Id. at 66-67.
[4] We reject only one of the Committee's proposals, the amendments to rule 8.225 (Process, Diligent Searches, and Service of Pleadings), that would eliminate the use of mail to serve summonses and other process on persons residing out of state. We agree with the comments of the Department of Children and Families that the proposal would not achieve its stated objective of achieving consistency in the manner of service and ignores the practical considerations of serving out of state residents.
[5] Puritz & Crawford, supra note 4, at 66.
[6] Id.
[7] Other minor amendments are also made to rules 8.010, 8.070, and 8.080. Rule 8.010 is amended to conform to the statutory requirement that a detained child be given a hearing within twenty-four hours of being detained; rules 8.070 and 8.080 are amended conform them to their counterpart adult criminal rule 3.172.
[8] Puritz & Crawford, supra note 4, at 66.
[9] Id. at 57.
[10] Id. at 57-58.
[11] Id. at 66.
[12] Id. at 69.
[13] In response to comments made by the Department of Children and Families (DCF), the Committee suggested and we adopt a modified version of these amendments. The language originally proposed by the Committee spoke in terms of "allegations in the petition against a particular party." DCF objected to this language on the basis that allegations in a dependency petition are not "against" any particular party, but rather are allegations that a child is dependent. The Committee agrees and recognizes that a parent is always a party to a dependency action even if there are no allegations which pertain to that parent. See C.L.R. v. Dep't of Children & Families, 913 So.2d 764 (Fla. 5th DCA 2005) (demonstrating need for clarification that parent remains a party to dependency action even where no allegations pertain to that parent, where father as to whom DCF dismissed allegations was not given notice of subsequent hearings or allowed discovery). Thus, the Committee suggested deleting reference to allegations "against a particular party," and we adopt the amendments with that modification.